# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JERRY MILLER,**

        **Plaintiff,**

**-vs-**                                 **Case No.  6:05-cv-286-Orl-19DAB**

**GRAEBEL/ORLANDO MOVERS, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL (Doc. No. 19)**
>
> **FILED:**      **June 10, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED, to the extent not moot**.

As is clear from the parties' papers, at issue is the discoverability of Plaintiff's tax returns, which Defendant contends is relevant to the issue of the identity of Plaintiff's employer. Plaintiff objects, asserting that the returns do not identify an employer. While this issue could be avoided with production of the W-2 form, Plaintiff contends that he does not have the form for the years in question. Moreover, Plaintiff has not produced a damage calculation, asserting that he has only a small number of time sheets in his possession (and those apparently do not identify his employer) and no other documents from which to calculate his damages. While the Court does not order production

of tax returns routinely, in this case, in view of Plaintiff's limited knowledge of the amount of his

damages or the identity of his employer (see the Amended Complaint, Doc. No. 18), production is

warranted.  Counsel shall take care to treat the returns as confidential and for use only for the limited

purposes of this litigation, and shall return the documents at the close of the litigation.

It appears from Plaintiff's response brief that the rest of the motion is **moot.**

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record